# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-627-MOC-DCK

| | |
|---|---|
| MIRANDA MALIK, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| AMAZON.COM SERVICES, LLC, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Notification To The Court Of Its Inability to Agree Upon A Mediator By The Deadline And Motion For The Court To Designate A Mediator" (Document No. 29). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion to designate a mediator.

The "Pretrial Order And Case Management Plan" (Document No. 15) set the deadline for the filing of a report on the results of the parties' mediation in this case as **October 20, 2022**. (Document No. 15, pp. 1, 6). The "Pretrial Order…" also states in pertinent part that "[f]ailure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure." (Document No. 15, p. 10).

When the Court allowed Plaintiff's counsel to withdraw her representation, Plaintiff was "respectfully advised that if she declines to retain new counsel, she must promptly proceed with this lawsuit consistent with the requirements of the Federal Rules of Civil Procedure, the Local

Rules of this Court, and the "Pretrial Order And Case Management Plan" (Document No. 15). (Document No. 20, pp. 1-2).

On October 20, 2022, the deadline for filing the mediation report, *pro se* Plaintiff filed a notice titled "Plaintiff's Mediation Denied By Defendant." (Document No. 24). The notice states that Defendant's counsel informed *pro se* Plaintiff that "no mediation was needed," but that Plaintiff "strongly disagreed with Mr. Robinson['s] refusal for a media[]tion hearing." (Document No. 24). Defendant did not file a response to *pro se* Plaintiff's notice (Document No. 24).

On November 7, 2022, the undersigned issued an Order allowing the "Parties Second Stipulation To Extend Discovery Period And Joint Motion To Extend The Dispositive Motion Deadline" (Document No. 25). (Document No. 26). The undersigned *sua sponte* extended the mediation deadline to December 9, 2022. Id. That Order also included the following admonition from the Court:

> The undersigned notes that the parties have failed to file a Mediation Report, which was due by October 20, 2022. See (Document No. 15). The Local Rules of this Court require that "[a]ll parties to a civil action must attend a mediated settlement conference unless otherwise ordered by the Court." LCvR 16.2. The undersigned is not aware of any Order excusing the parties from this requirement. See (Document No. 24). The "Pretrial Order…" also advises that "the Court will not consider summary judgment motions until such certificate [of completion of the mediation conference] is filed." (Document No. 15, p. 6). As such, the parties are directed to promptly participate in a mediated settlement conference and file a mediation report.

(Document No. 26, p. 1).

Despite the foregoing, on December 8, 2022, Defendant filed its "Motion To Be Excused From Or Continue The December 9, 2022 Mediation Report Deadline And Motion To Extend The Dispositive Motion And Discovery Deadlines" (Document No. 27). Defendant's motion asserts that the parties have been unable to agree on a mediator. (Document No. 27, pp. 4-6). The

2

undersigned issued an Order allowing case deadlines to again be extended and advising the parties that "the Court will not excuse the parties from the mediation requirement." (Document No. 28). The parties were directed to identify their chosen mediator by December 20, 2022. Id.

"Defendant's Notification To The Court Of Its Inability to Agree Upon A Mediator By The Deadline And Motion For The Court To Designate A Mediator" (Document No. 29) was filed on December 20, 2022. Defendant's motion asserts that the parties are still unable to agree on a mediator and Defendant suggests that the Court designate either Ann Anderson or Denise Cline; purportedly, Plaintiff suggested Jay Bryan as mediator. *Pro se* Plaintiff has failed to file a response to this motion, and the time to do so has lapsed.

It appears that both sides have contributed to repeated delays in this case and are thus subject to sanctions pursuant to the "Pretrial Order…." See (Document No. 15, p. 10). Both sides have failed to give appropriate and timely attention to the Court's requirement of, and deadlines for, mediation. See Local Rule 16.2 ("All parties to a civil action must attend a mediated settlement conference, unless otherwise ordered by the Court."). However, the undersigned will decline to issue sanctions *at this time*, but may re-visit this issue at a later date, especially if either side causes further delay and/or fails to abide by the Court's Orders.

After careful consideration of Defendant's motion, the Court will designate M. Ann Anderson as the mediator for this case. The undersigned assumes that Denise Cline and Jay Bryan are excellent mediators, but the Court is more familiar with Ms. Anderson's work and notes that she is the only one of the three proposed mediators who appears on the Court's non-exclusive list of Court-approved mediators. See Local Rule 16.2, and "Mediator Listing" https://www.ncwd.uscourts.gov/mediator-listing.

In addition, the undersigned will *sua sponte* extend the remaining case deadlines.

3

**IT IS, THEREFORE, ORDERED** that "Defendant's … Motion For The Court To Designate A Mediator" (Document No. 29) is **GRANTED**.  Unless the parties otherwise agree on a different mediator, they shall promptly schedule mediation with M. Ann Anderson.

**IT IS FURTHER ORDERED** that the parties shall file a Notice with the Court confirming the identity of their mediator and their mediation date by **January 25, 2023.**

**IT IS FURTHER ORDERED** that the remaining case deadlines are extended as follows: mediation report  - **February 15, 2023**;  dispositive motions – **March 3, 2023**;  trial – **June 20, 2023**.

The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff by certified U.S. mail, return receipt requested.

**SO ORDERED**.

Signed: January 12, 2023

David C. Keesler
United States Magistrate Judge